Docket No. 12-17331

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

═══════════════════════════

JACOB WINDING, *etc.*,

*Plaintiff–Appellant,*

*vs.*

WELLS FARGO BANK N.A., *et al.*,

*Defendants–Appellees.*

═══════════════════════════

APPEAL FROM JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA (FRESNO)
Case No. 1:11-CV-00555-AWI-SKO
HON. ANTHONY W. ISHII, CHIEF UNITED STATES DISTRICT JUDGE

═══════════════════════════

**APPELLEE WELLS FARGO'S ANSWERING BRIEF**

═══════════════════════════

Robert Collings Little, Esq., California State Bar No. 182396
Robin C. Campbell, California State Bar No. 70734
Steven R. Telles, Esq., California State Bar No. 246514
ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
(626) 535-1900 | F: (626) 577-7764 | E-Mail: rlittle@afrct.com

*Attorneys for Defendant–Appellee*
WELLS FARGO BANK, N.A.,
and its division Wachovia Mortgage
successor to by merger with Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

Docket No. 12-17331

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

JACOB WINDING, *etc.*,

*Plaintiff–Appellant*,

*vs.*

WELLS FARGO BANK N.A., *et al.*,

*Defendants–Appellees.*

APPEAL FROM JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA (FRESNO)
Case No. 1:11-CV-00555-AWI-SKO
HON. ANTHONY W. ISHII, CHIEF UNITED STATES DISTRICT JUDGE

## APPELLEE WELLS FARGO'S ANSWERING BRIEF

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant–Appellee Wells Fargo Bank, N.A., successor to by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB (Wells Fargo), identifies WFC Holdings Corporation, Greater Bay Bancorp, Placer Sierra Bancshares, Century Bancshares, Inc., Charter Holdings, Inc., and IBID, Inc. as parent corporations, and it also identifies Wells Fargo & Company (NYSE:WFC) as a parent corporation and a publicly held corporation that owns 10% or more of its stock.

Respectfully submitted,

Dated:  December 20, 2013

ANGLIN FLEWELLING RASMUSSEN
    CAMPBELL & TRYTTEN LLP

By:  ____s/ *Robert C. Little*_____
        Robert Collings Little

*Attorneys for Defendant–Appellee*
Wells Fargo Bank, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF CONTENTS ............................................................................ ii

TABLE OF AUTHORITIES ....................................................................... v

I.    INTRODUCTION ...................................................................... 1

II.   JURISDICTIONAL STATEMENT ............................................... 7

III.  STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................... 10

    A.   Under 28 U.S.C. § 2107 and Federal Rule of Appellate
         Procedure 4, an appeal must be filed within 30 days after entry of
         final judgment or there is no jurisdiction for review.  Final
         judgment was entered here on September 30, 2011, but Jacob
         Winding did not file his notice of appeal until more than one year
         later on October 16, 2012.  Does the Court have jurisdiction to
         review Winding's appeal from judgment? ........................................ 10

    B.   Under Federal Rule of Appellate Procedure 4, a timely motion
         made within 28 days after entry of judgment under Federal Rule
         of Civil Procedure 60 tolls the time to appeal.  In response to a
         post-judgment attorneys' fees motion, Jacob Winding filed a
         "motion to dismiss" 54 days after entry of judgment which was
         treated as a Rule 60(b) motion.  Did Winding's motion toll the
         time for appeal? ................................................................. 10

    C.   This Court does not review issues on appeal unless they are
         specifically and distinctly argued in the Opening Brief.  In his
         Statement of Issues, Winding refers to a post-judgment award of
         attorneys' fees, but he fails to submit any argument regarding
         this issue.  Has Winding waived appellate review of the post-
         judgment attorneys' fees award by failing to specifically and
         distinctly argue the issue in his Opening Brief? ............................... 10

D. Under well-established precedent, a corporate entity or partnership must be represented by a licensed attorney in federal court. According to the documents attached to Winding's complaint, Top To Bottom Cleaning Service is a nine-member partnership. Is *pro se* appellant Winding, who is not a licensed attorney, permitted to prosecute this appeal for Top To Bottom Cleaning Service? .............................................................. 11

IV.   STATEMENT OF FACTS ....................................................................... 11

V.   STATEMENT OF THE CASE .................................................................. 14

VI.   STANDARD OF REVIEW ....................................................................... 19

VII.   SUMMARY OF ARGUMENT .................................................................. 20

VIII.   LEGAL ANALYSIS AND ARGUMENT .................................................... 22

A. The filing of a timely notice of appeal is a mandatory, jurisdictional requirement without which the appeal must be dismissed. Winding's appeal from final judgment more than a year after its entry was manifestly untimely, and his appeal as to the judgment must be dismissed. ....................................... 22

B. Winding may not use an appeal from a post-judgment order awarding attorneys' fees as a device to contest final judgment. ........ 28

C. Issues which are not specifically and distinctly argued in the Opening Brief are deemed waived. Winding has failed to provide any argument, authority or analysis whatsoever regarding the post-judgment order of attorneys' fees. The order should be affirmed. .......................................................... 31

1. The utter lack of argument in the Opening Brief regarding the post-judgment attorneys' fees order precludes Winding from further pursuing that issue in this appeal. ...................... 34

2. Winding should not be permitted to use his reply brief to supply the arguments that were absent from his Opening Brief. ....................................................................... 42

D.  Winding's attempted prosecution of this appeal on behalf of the Top To Bottom Cleaning Service entity, a nine-member partnership, is impermissible.  Winding is not a lawyer, and he lacks standing to prosecute the appeal as a *pro se* litigant on behalf of Top To Bottom. .................................................. 44

IX.  CONCLUSION ........................................................ 48

CERTIFICATE OF COMPLIANCE ....................................... 50

STATEMENT OF RELATED CASES ................................... 51

CERTIFICATE OF SERVICE ............................................. 52

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Acosta-Huerta v. Estelle,*
   7 F.3d 139 (9th Cir. 1992)...................................................................... 35, 38

*Alaska Ctr. for the Env't v. United States Forest Serv.,*
   189 F.3d 851 (9th Cir. 1999)......................................................................... 43

*American Ironworks & Erectors Inc. v. North Am. Constr. Corp.,*
   248 F.3d 892 (9th Cir. 2001) ........................................................................... 9

*Anderson v. Mouradick (In re Mouradick),*
   13 F.3d 326 (9th Cir. 1994) .......................................................................... 23

*Arbaugh v. Y&H Corp.,*
   546 U.S. 500 (2006) ..................................................................................... 22

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir 1990)...................................................................... 34, 35

*Bazuaye v. INS,*
   79 F.3d 118 (9th Cir. 1996) .......................................................................... 43

*Bowles v. Russell,*
   551 U.S. 205 (2007) .............................................................................. 4, 22, 23

*Browder v. Director, Dep't of Corrections,*
   434 U.S. 257 (1978) ..................................................................................... 22

*Brownfield v. City of Yakima,*
   612 F.3d 1140 (9th Cir. 2010)....................................................................... 37

*Budinich v. Becton Dickinson & Co.,*
   486 U.S. 196 (1988) ................................................................................. 29, 30

*Castillo-Villagra v. INS,*
   972 F.2d 1017 (9th Cir. 1992)....................................................................... 19

*Cedano-Viera v. Ashcroft,*
   324 F.3d 1062 (9th Cir. 2003)................................................................... 42, 43

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*,
   626 F.3d 483 (9th Cir. 2010) .................................................................. 37

*Classic Concepts, Inc. v. Linen Source, Inc.*,
   716 F.3d 1282 (9th Cir. 2013) ..................................... 5, 25, 26, 32

*Coley v. Gonzales*,
   55 F.3d 1385 (9th Cir. 1995) .................................................................. 36

*D-Beam, Limited Partnership v. Roller Derby Skates, Inc.*,
   366 F.3d 972 (9th Cir. 2004) .................................................................. 45

*DeLeon v. Wells Fargo Bank, N.A.*,
   729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................... 12

*Doran v. 7-Eleven, Inc.*,
   524 F.3d 1034 (9th Cir. 2008) ................................................................. 7

*Eagle Assocs. v. Bank of Montreal*,
   926 F.2d 1305 (2d Cir. 1991) ................................................................. 45

*Eberle v. Anaheim*,
   901 F.2d 814 (9th. Cir 1990) ................................................................. 43

*Farmer v. McDaniel*,
   666 F.3d 1228 (9th Cir. 2012) ......................................................... 39, 41

*Ferguson v. Wells Fargo Bank, N.A.*,
   No. CIV 2:12-2944-WBS-GGH, 2013 U.S. Dist.
   LEXIS 17522 (E.D. Cal. Feb. 8, 2013) ............................................... 12

*Ferland v. Conrad Credit Corp.*,
   244 F.3d 1145 (9th Cir. 2001) ............................................................... 19

*Fischer v. SJB-P.D., Inc.*,
   214 F.3d 1115 (9th Cir. 2000) ............................................................... 19

*Flores v. World Savings Bank FSB*,
   No. 2:11-cv-04138-SJO-JEM, 2011 U.S. Dist.
   LEXIS 157272 (C.D. Cal. June 28, 2011) ........................................... 12

*George v. Camacho*,
   119 F.3d 1393 (9th Cir. 1997) ............................................................... 22

*Greenwood v. FAA*
  28 F.3d 971 (9th Cir. 1994) ............................................................... 37

*Grove Unified School Dist. v. Newdow,*
  542 U.S. 1 (2004) ............................................................................... 7

*Hale v. United States Trustee,*
  509 F.3d 1139 (9th Cir. 2007) ......................................................... 35

*Harmston v. City & County of San Francisco,*
  627 F.3d 1273 (9th Cir. 2010) ........................................................... 9

*In re Stein,*
  197 F.3d 421 (9th Cir. 1999) ........................................................... 26

*In re Sunset Bay Assoc.,*
  944 F.2d 1503 (9th Cir. 1990) ......................................................... 12

*In re: Gloria Rosario aka Top To Bottom Cleaning Services,*
  E.D. Cal. Bankr. No. 11-24790 (Bardwil, J.) ................................... 13

*In re: Kimlyn Sardeung Kham dba Top To Bottom Cleaning Services,*
  E.D. Cal. Bankr. No. 11-90506 (Bardwil, J.) ................................... 13

*Indep. Towers of Wash. v. Washington,*
  350 F.3d 925 (9th Cir. 2003) ............................................... 1, 31, 36

*Kohler v. Inter-Tel Techs.,*
  244 F.3d 1167 (2001) ....................................................................... 39

*Lac Du Flambeau Band v. Stop Treaty Abuse-Wisconsin, Inc.,*
  991 F.2d 1249 (7th Cir. 1993) ......................................................... 42

*Lal v. California,*
  610 F.3d 518 (9th Cir. 2010) ........................................................... 26

*Laub v. United States DOI,*
  342 F.3d 1080 (9th Cir. 2003) ......................................................... 47

*Leer v. Murphy,*
  844 F.2d 628 (9th Cir. 1988) ........................................................... 38

*Licht v. America West Airlines (In re America West Airlines)*,
    40 F.3d 1058 (9th Cir. 1994) ............................................................ 45

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................... 7

*Malone v. Avenenti*,
    850 F.2d 569 (9th Cir. 1998) ............................................................ 23

*Martinez-Serrano v. INS*,
    94 F.3d 1256 (9th Cir. 1996) ..................................................... 35, 38

*Miller v. Fairchild Indus., Inc.*,
    797 F.2d 727 (9th Cir. 1986) ............................................................ 37

*Navajo Nation v. United States Forest Serv.*,
    535 F.3d 1058 (9th Cir. 2008) ................................................... 37, 38

*Nevada Dept. of Corr. v. Greene*,
    648 F.3d 1014 (9th Cir. 2011) ................................................... 39, 42

*Nguyen v. Wells Fargo Bank, N.A.*,
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ............................................. 12

*Oregon Natural Desert Ass'n v. Locke*,
    572 F.3d 610 (9th Cir. 2009) ............................................. 5, 29, 30, 31

*Parke v. Raley*,
    506 U.S. 20 (1992) ..................................................................... 40

*Peabody v. Maud Van Cortland Hill Schroll Trust*,
    892 F.2d 772 (9th Cir. 1989) ............................................................ 19

*Randle v. Crawford*,
    578 F.3d 1177 (9th Cir. 2009) ........................................................ 36

*Reid Prods. v. Westport Ins. Corp.*,
    400 F.3d 1118 (9th Cir. 2005) ........................................................ 28

*Rigby v. County of Orange*,
    No. SACV10-0695-CJC (DTB), 2013 U.S. Dist.
    LEXIS 166060 (C.D. Cal. Sept. 30, 2013) ....................................... 34

*Ritter v. Hughes Aircraft Co.*,
    58 F.3d 454 (9th Cir. 1995) .............................................................. 19

*Rodgers v. Watt*,
    722 F.2d 456 (9th Cir. 1983) ............................................................. 1

*Rowland v. California Men's Colony*,
    506 U.S. 194 (1993) ............................................................ 44, 45, 46

*Seattle School Dist. v. B.S.*,
    82 F.3d 1493 (9th Cir. 1996) ............................................................ 39

*SEC v. Worthen*,
    98 F.3d 480 (9th Cir. 1996) ............................................................. 40

*Siegel v. Fed. Home Loan Mortgage Corp.*,
    143 F.3d 525 (9th Cir. 1998) ............................................................ 19

*Simpson v. Union Oil Co. of California*,
    411 F.2d 879 (9th Cir. 1969) ............................................................ 39

*Sprout v. Farmers Ins. Exchange*,
    681 F.2d 587 (9th Cir 1982) ............................................................. 23

*Swimmer v. IRS*,
    811 F.2d 1343 (9th Cir. 1987) .......................................................... 23

*Tillman v. Ass'n of Apt. Owners of Ewa Apts.*,
    234 F.3d 1087 (9th Cir. 2000) ..................................................... 26, 28

*U.S. v. Chapel*,
    41 F.3d 1338 (9th Cir. 1994) ............................................................ 19

*U.S. v. Dunkel*,
    927 F.2d 955 (7th Cir. 1991) ...................................................... 37, 36

*United States ex rel. Familian Northwest v. RG & B Contractors*,
    21 F.3d 952 (9th Cir. 1994) ........................................................ 29, 30

*United States ex rel. Haight v. Catholic Healthcare West*,
    602 F.3d 949 (9th Cir. 2010) ................................................ 23, 24, 25

*United States v. 5.96 Acres of Land,*
  593 F.2d 884 (9th Cir. 1979)................................................................ 7

*United States v. Birtle,*
  792 F.2d 846 (9th Cir. 1986).............................................................. 42

*United States v. Comprehensive Drug Testing, Inc.,*
  513 F.3d 1085 (9th Cir. 2008).......................................................... 26

*United States v. Comprehensive Drug Testing, Inc.,*
  621 F.3d 1162 (9th Cir. 2010).......................................................... 26

*United States v. Graf,*
  610 F.3d 1148 (9th Cir. 2010)..................................................... 39, 41

*United States v. Reeves,*
  431 F.2d 1187 (9th Cir. 1970).......................................................... 45

*United States v. Struckman,*
  611 F.3d 560 (9th Cir. 2010)............................................................ 41

*Valley Forge Christian College v. Americans United*
  *for Separation of Church & State, Inc.,*
  454 U.S. 464 (1982)......................................................................... 47

*Voorhees v. Jackson,*
  35 U.S. (10 Pet.) 449 (1836)............................................................ 40

*Wang Labs. v. Kagan,*
  990 F.2d 1126 (9th Cir. 1993).......................................................... 38

*Washington Legal Found. v. Legal Found. of Washington,*
  271 F.3d 835 (9th Cir. 2001).............................................................. 6

*Western Radio Servs. Co. v. Qwest Corp.,*
  2012 U.S. App. LEXIS 5434 (9th Cir. 2012)................................... 37

*Winding v. Cal-Western Reconveyance Corp.,*
  No. CV F 11-0041-LJO-GSA, 2011 U.S. Dist.
  LEXIS 8962 (E.D. Cal. Jan. 21, 2011)........................................... 46

*Winding v. Cal-Western Reconveyance Corp.*,
    No. CV F 11-0041-LJO-GSA, 2011 U.S. Dist.
    LEXIS 8962 (E.D. Cal. Jan. 24, 2011) ........................................................... 15

*Winding v. Doe*,
    No. CV F 10 -2026-AWI-DLB, 2011 U.S. Dist.
    LEXIS 53342 (E.D. Cal. May 18, 2011) ........................................................ 16

*Winding v. NDEX West, LLC*,
    No. 11-16506, 2013 U.S. App. LEXIS 21548
    (9th Cir. Oct. 23, 2013) .................................................................................. 16

*Winding v. Wells Fargo Bank*,
    No. 1:11-cv-00555-AWI-SKO, 2011 U.S. Dist.
    LEXIS 137524 (E.D. Cal. Nov. 30, 2011) ............................................... 46, 47

*Winding v. Wells Fargo Bank*,
    No. CV F 11-0555-AWI-SKO, 2011 U.S. Dist.
    LEXIS 68815 (E.D. Cal. June 24, 2011) ........................................................ 46

*WMX Techs. v. Miller*,
    104 F.3d 1133 (9th Cir. 1997) .......................................................................... 9

**STATE CASES**

*City of Manhattan Beach v. Superior Court (Farquhar)*,
    13 Cal. 4th 232 (1996) ...................................................................................... 3

*Estate of Gilkison*,
    65 Cal. App. 4th 1443 (1998) ........................................................................... 1

**FEDERAL STATUTES**

28 U.S.C. § 1291 .................................................................................... 9, 30

28 U.S.C. § 1332 ......................................................................................... 14

28 U.S.C. § 1654 .................................................................................... 44, 45

28 U.S.C. § 2107 .......................................................................... 1, 4, 10, 22

**STATE STATUTES**

CAL. CIV. CODE § 1107 .................................................................................... 12

CAL. CIV. CODE § 1214 ................................................................. 12

**RULES**

9TH CIR. R. 28-2.2 ....................................................................... 10

9TH CIR. R. 30-1.2 ......................................................................... 3

FED. R. APP. P. 3(a) ..................................................................... 10

FED. R. APP. P. 4 ............................................. 10, 22, 23, 32

FED. R. APP. P. 4(A) ..................................................................... 24

FED. R. APP. P. 4(a)(1) .......................................................... 9, 10

FED. R. APP. P. 4(a)(1)(A) ..................................................... 1, 4, 22

FED. R. APP. P. 4(A)(4)(A) ..................................................... 9, 25, 27

FED. R. APP. P. 4(a)(4)(A)(i)–(vi) ................................................ 23

FED. R. APP. P. 4(a)(4)(A)(iii) .................................................... 27

FED. R. APP. P. 4(a)(4)(A)(vi) ........................................ 4, 20, 26, 27

FED. R. APP. P. 4(a)(5) ................................................................. 23

FED. R. APP. P. 4(a)(5)(A)(i) ........................................................ 24

FED. R. APP. P. 26(a) ................................................................... 24

FED. R. APP. P. 28 ....................................................................... 35

FED. R. APP. P. 28(a)(9) .............................................................. 31

FED. R. APP. P. 28(a)(9)(a) ......................................................... 34

FED. R. CIV. P. 12(b)(6) ................................................................. 3

FED. R. CIV. P. 17(a) .................................................................... 44

FED. R. CIV. P. 19 ......................................................................... 6

FED. R. CIV. P. 41(b) .................................................................... 26

FED. R. CIV. P. 50(b) ................................................................. 27

FED. R. CIV. P. 52(b) ................................................................. 27

FED. R. CIV. P. 58(e) ................................................................. 27

FED. R. CIV. P. 59 ..................................................................... 27

FED. R. CIV. P. 59(b) ................................................................. 27

FED. R. CIV. P. 59(e) ............................................................ 27, 28

FED. R. CIV. P. 60 ............................................................... *passim*

FED. R. CIV. P. 60(b) ........................................................... *passim*

FED. R. EVID. P. 201 .................................................................. 19

## I.    INTRODUCTION

As aptly put by the California Court of Appeal, some appeals are "dead on arrival" at the appellate courthouse.  *Estate of Gilkison*, 65 Cal. App. 4th 1443, 1449 (1998).  Having failed to submit any argument regarding the solitary reviewable order in this appeal, Jacob Winding's is such an appeal.  Because his notice of appeal was filed more than a year after entry of final judgment, there is no jurisdiction to review the final judgment.  28 U.S.C. § 2107; FED. R. APP. P. 4(a)(1)(A).

The only potentially reviewable order here—the district court's post-judgment award of attorneys' fees—is neither specifically nor distinctly argued in Winding's Opening Brief.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  It can hardly be said that Winding addresses the issue at all in his brief, and certainly in no way sufficient to preserve review.[1]  Accordingly, as to

---

[1]    Regarding the post-judgment attorneys' fees order, Winding offers this solitary, bare assertion:  "The court abuse [sic] its discretionary powers when dismissing Mr. Winding [sic] complaint and granting attorney fees."  (AOB 14.)  No analysis and no authority is offered, and the issue is abandoned.  Winding instead devotes his briefing to why he thinks that the final judgment should be reversed.  But his untimely notice of appeal did not bring the judgment, or the prejudgment order dismissing his complaint, within this Court's power of review.  *Rodgers v. Watt*, 722 F.2d 456, 457–458 (9th Cir. 1983) (en banc) (because the timeliness requirement is jurisdictional, an untimely appeal must be dismissed either on motion of a party or on the court's own motion).

the judgment, the appeal should be dismissed.  As to the post-judgment award of attorneys' fees, the order unassailably should be affirmed.

This appeal, already dismissed once due to Winding's failure to prosecute, came years after Wells Fargo[2] made a $217,000 loan to non-parties Warner and Iris Bowers.  The Bowers' loan was secured by a first deed of trust recorded in June 2007 against real property located in Modesto, California.  (SER 524–541, 404–421.)  The Bowerses stopped paying their loan in July 2008, and an unremarkable non-judicial foreclosure ensued.  A notice of default was recorded in May 2009.  (SER 543–544, 438–439.)  A notice of trustee's sale was recorded in February 2010.  (SER 444–446.)  According to Winding's allegations, the Property was sold at a trustee's sale another year later in February 2011.  (SER 503:5-12 [¶¶ 15–19].)

Less than a week after the sale, Winding—calling himself "Jacob Winding dba Top To Bottom Cleaning Service"—filed a lawsuit in Stanislaus County Superior Court claiming that he owned the Modesto property.  He alleged five causes of action for fraud, conspiracy, quiet title, declaratory relief, and cancellation of instruments.  A partnership agreement attached to his complaint revealed, however, that Top To Bottom Cleaning Service (Top To Bottom) was not

---

[2]    Wells Fargo denotes the single entity Defendant–Appellee Wells Fargo Bank, N.A., successor to by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB.

Winding's fictitious business name.  (SER 558–560.)  Rather, it was a partnership comprised of eight other individuals along with Winding.  (*Id.*)

Winding contended in his complaint that the Bowerses gave him a deed of trust that was recorded in August 2009 (SER 546–547, 435–436),[3] and a quitclaim deed that was recorded in December 2009.  (SER 441–442, 549–550.)  He claimed that by virtue of those deeds he could leapfrog past Wells Fargo's 2007 senior deed of trust, and that he, not Wells Fargo, was the rightful owner of the Bowers' Modesto property.

Encumbered as the property was by Wells Fargo's senior first deed of trust, Winding could only take such title as the Bowerses had when their interest was purportedly conveyed by the 2009 deeds.  *City of Manhattan Beach v. Superior Court (Farquhar)*, 13 Cal. 4th 232, 239 (1996) (a quitclaim deed transfers whatever present right or interest a grantor has in property).

Following removal of his suit to district court by Wells Fargo, an attorney briefly represented Winding and the Top To Bottom partnership for four days, but then filed his motion to withdraw.  (SER 573.)  During his four-day tenure, the attorney filed papers (SER 391–398) opposing Wells Fargo's Rule 12(b)(6) motion to dismiss (SER 462–483).  The motion to dismiss was subsequently granted with

---

[3]    References to "SER" are to the Supplemental Excerpts of Record served and filed in three volumes by Wells Fargo, consecutively paginated in the bottom right-hand corner.  There are no Excerpts of Record.  (9TH CIR. R. 30-1.2.)

leave to amend.  (SER 339–358.)  Winding did not file an amended pleading.
(SER 005:17-21; 575–576 [Dkt. Nos. 26–38].)  The case was closed three months
later (SER 005–007), and judgment was entered in favor of Wells Fargo in
September 2011.  (SER 003–004.)  Winding's time to appeal from judgment
expired 30 days later on October 30, 2011.  28 U.S.C. § 2107; FED. R. APP. P.
4(a)(1)(A).

    Twenty-eight days after entry of judgment, Wells Fargo timely moved for a
post-judgment award of attorneys' fees, and fees were awarded on September 26,
2012, nearly one year later.  (SER 068:5–076:8, 039–040.)  Fifty-four days after
entry of judgment, Winding filed a "motion to dismiss" which was treated as a
Rule 60(b) motion.  (SER 210–216.)  The motion did not toll the time to appeal,
however, because it was filed more than 28 days after entry of judgment.  FED. R.
APP. P. 4(a)(4)(A)(vi) (in order to be deemed a timely "tolling" motion, a motion
under Fed. R. Civ. P. 60 must be brought within 28 days after entry of judgment).

    Although Winding's notice of appeal identifies by district court docket
number the judgment, earlier pre-judgment orders, and the later post-judgment
attorney's fees order (SER 008–009), his appeal from judgment is untimely and
cannot be considered.  *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely
filing of a notice of appeal in a civil case is a jurisdictional requirement.").
Winding's Rule 60(b) motion was filed over a month late for tolling purposes, and

it provided no additional time to appeal from judgment. *Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013) (untimely Rule 60(b) motion that is not filed within the timeframe set forth in Federal Rule of Appellate Procedure 4 has no tolling effect). Therefore, the Notice of Appeal is effective to confer jurisdiction over his appeal only from the post-judgment award of attorneys' fees.

The Opening Brief is based solely on challenges to the prejudgment order dismissing his complaint which merged into the underlying judgment from which no jurisdiction lies for review. Winding neither cites to any authority nor sets forth any legal argument on the issue of whether "[t]he court abuse [sic] its discretionary powers when … granting attorney fees." (AOB 14.) He in no way challenges the amount of the district court's award. These omissions render irrelevant all arguments in the Opening Brief. *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) ("An award of attorney fees raises legal issues collateral to and separately appealable from the decision on the merits…. Therefore, we review the attorney fees award without disturbing the underlying judgment.").

Had Winding stated any specific and cogent basis for disturbing the post-judgment attorneys' fees order (he did not), he would still be unable to prosecute the appeal on behalf of Top To Bottom. Winding is a non-lawyer who purports to

have brought this appeal for the entity Top To Bottom, a partnership.[4]  Nothing in the record suggests that Winding ever had an individual interest in this case separate and apart from his interest as a partner in Top To Bottom.  Unless he is a licensed attorney (he is not), Winding cannot represent the partnership entity on appeal.  (SER 005:7-17.)

As the real party in interest, the Top To Bottom partnership's participation in the cause on appeal is mandatory.  FED. R. CIV. P. 19.  However, Top To Bottom has failed to obtain counsel to prosecute the appeal from the post-judgment order.  Rather, non-lawyer Jacob Winding has advanced arguments for this unrepresented party.  But a party may appeal only to protect his or her own interests—not those of a co-party.  *Washington Legal Found. v. Legal Found. of Washington*, 271 F.3d

---

[4]    The deed of trust recorded August 18, 2009, identifies Warner Bowers as trustor, Jacob Winding as trustee, and "TTB Services Inc." as beneficiary.  (SER 445–446.)  If Winding were more than a nominal party as trustee under the 2009 deed (nothing suggests so), that deed was nonetheless merged out and extinguished by the subsequent quitclaim deed between Bowers and TTB Services Inc. on December 7, 2009.  (SER 441–442.)  By grant deed recorded on April 1, 2010, TTB Services Inc., in turn, conveyed its interest to Top To Bottom.  (SER 448–452.)  By the time the trustee's sale took place on February 28, 2011, and when Winding filed the lawsuit soon after, he had no conceivable interest in the subject matter of the lawsuit except as a general partner in Top To Bottom.  (SER 450–452.)  Top To Bottom is an unrepresented party in this appeal, and Winding is neither an attorney licensed to represent it, nor a real party in interest as to the judgment from which this untimely appeal is taken.  Therefore, the appeal should be dismissed as to Top To Bottom, prosecuted as it is by an individual who lacks standing or authority to do so.  To the extent that the post-judgment attorneys' fees order is against both Winding and Top To Bottom, Winding advances no arguments regarding it.

835, 847 (9th Cir. 2001); *United States v. 5.96 Acres of Land*, 593 F.2d 884, 887 (9th Cir. 1979). If Winding is protecting his own interests here, he is doing so by virtue of his status as a partner of Top To Bottom solely by engaging in the unauthorized practice of law. Thus, even if there had been arguments advanced as to the only reviewable order, they would necessarily be disregarded by this Court. This is so because the real party in interest Top To Bottom has abandoned the appeal while the individual appellant Winding lacks standing to prosecute.[5] The appeal is also defective on this basis.

The appeal from judgment should be dismissed, and the post-judgment attorneys' fees award should be affirmed.

## II.    JURISDICTIONAL STATEMENT

This Court does not have jurisdiction to review the final judgment, or the prejudgment orders which merged into it, because the notice of appeal was filed more than one year after entry of judgment, and no tolling motion was timely filed. This Court does have jurisdiction to review the post-judgment order awarding

---

[5]    Winding has failed to satisfy any of the minimum standing requirements for a real party in interest with respect to the judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Winding can assert his own legal rights, but he may not assert the legal rights of others, here those belonging to the Top To Bottom partnership. *Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

attorneys' fees, but appellant has waived review of the order by failing to specifically and distinctly argue it in his Opening Brief.

On June 27, 2011, the district court granted Wells Fargo's motion to dismiss Winding's Complaint with twenty-one days leave to amend. (SER 339–358; *see also* SER 575.) As the district court noted by its order entered 95 days later on September 30, 2011, Winding failed to file any amended pleading. (SER 005:17-22 ["No amended complaint has been filed as of the date of this writing."].)

On September 30, 2011, the district court issued its order closing the case and directing the Clerk of Court to enter judgment in favor of defendants. (SER 007:2-3 [¶ 5].) Judgment was entered in favor of defendants that same day on September 30, 2011. (SER 003.)

Winding filed a "motion to dismiss" in response to Wells Fargo's post-judgment motion for attorneys' fees. His motion cited Rule 60(b), but was filed on November 23, 2011—54 days after entry of judgment. The post-judgment order awarding Wells Fargo its attorneys' fees was entered on September 26, 2012, nearly a year after entry of judgment. (SER 002:6-11; SER 068:23–076:13.)

Winding filed his notice of appeal on October 16, 2012—382 days after entry of judgment, and 20 days after entry of the post-judgment order awarding attorneys' fees. (SER 008–009.) Winding's notice of appeal refers by docket number to (a) the June 27, 2011 order dismissing the complaint, (b) the September

-8-

30, 2011 order closing this case, (c) the September 30, 2011 judgment, and (d) the

September 26, 2012 order granting Wells Fargo's motion for attorney's fees.  (SER

009:1-2.)  Those orders are also attached to the notice of appeal.  (SER 010–040.)

Because the appeal was filed more than thirty (30) days after the entry of

final judgment and no timely tolling motion was filed, no jurisdiction exists under

28 U.S.C. § 1291 to review the final judgment or any pre-judgment orders which

merged into it, including the order granting the motion to dismiss and the order

closing the case.  FED. R. APP. P. 4(a)(1), 4(a)(4)(A); *Harmston v. City & County of

San Francisco*, 627 F.3d 1273, 1275 (9th Cir. 2010) (an untimely appeal from a

judgment also meant an appeal could not be taken from a previously issued

sanctions order); *American Ironworks & Erectors Inc. v. North Am. Constr. Corp.*,

248 F.3d 892, 897–898 (9th Cir. 2001) (prejudgment order on motion for

attorneys' fees made before judgment merged into the judgment when entered, and

untimely appeal from judgment made appeal from prejudgment order untimely);

*WMX Techs. v. Miller*, 104 F.3d 1133, 1136–1137 (9th Cir. 1997) (order granting

Fed. R. Civ. P. 12(b)(6) motion with leave to amend is not appealable and the

judgment "fix[es] an unequivocal terminal date for appealability.")

With respect to the September 26, 2012, post-judgment attorney's fees order,

this Court appears to have jurisdiction under 28 U.S.C. § 1291 to review the order.

FED. R. APP. P. 3(a) & 4(a)(1); 9TH CIR. R. 28-2.2.  That said, *pro se* Winding

cannot prosecute the appeal for Top To Bottom, an artificial entity.

## III.    STATEMENT OF ISSUES PRESENTED FOR REVIEW

A.    Under 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4,

an appeal must be filed within 30 days after entry of final judgment or there is no

jurisdiction for review.  Final judgment was entered here on September 30, 2011,

but Jacob Winding did not file his notice of appeal until more than one year later

on October 16, 2012.  Does the Court have jurisdiction to review Winding's appeal

from judgment?

B.    Under Federal Rule of Appellate Procedure 4, a timely motion made

within 28 days after entry of judgment under Federal Rule of Civil Procedure 60

tolls the time to appeal.  In response to a post-judgment attorneys' fees motion,

Jacob Winding filed a "motion to dismiss" 54 days after entry of judgment which

was treated as a Rule 60(b) motion.  Did Winding's motion toll the time for

appeal?

C.    This Court does not review issues on appeal unless they are

specifically and distinctly argued in the Opening Brief.  In his Statement of Issues,

Winding refers to a post-judgment award of attorneys' fees, but he fails to submit

any argument regarding this issue.  Has Winding waived appellate review of the

post-judgment attorneys' fees award by failing to specifically and distinctly argue the issue in his Opening Brief?

D.    Under well-established precedent, a corporate entity or partnership must be represented by a licensed attorney in federal court. According to the documents attached to Winding's complaint, Top To Bottom Cleaning Service is a nine-member partnership. Is *pro se* appellant Winding, who is not a licensed attorney, permitted to prosecute this appeal for Top To Bottom Cleaning Service?

## IV.    STATEMENT OF FACTS

The facts are drawn from Winding's allegations and attachments to the complaint, and matters which were the proper subject of judicial notice. (SER 500–569; 399–452; 340:1–342:22; 298–308; 217–246; 078–137; 060:2–062:20).

On June 6, 2007, a first trust deed (2007 Trust Deed) was recorded for property owners Warner and Iris Bowers (the Bowerses) against real property located at 302 California Avenue, Modesto, California 95351-2707 (the Property) to secure a loan of $217,000 made to them by Wells Fargo's predecessor World Savings[6] (the 2007 Loan). (SER 404–421.[7])

---

[6]    Judicially noticed documents established the corporate succession of Wells Fargo, Bank, N.A., through name changes and a merger, to its predecessors World Savings Bank, FSB and Wachovia Mortgage, FSB. (SER 422–433; 340:1–342:22 [granting judicial notice].) Many courts have taken judicial notice of the same corporate name changes and merger associated with Wells Fargo. *E.g.*, *Nguyen v.*

*[Footnote Text Cont'd on Next Page]*

-11-

On August 18, 2009, a deed of trust was recorded against the Property securing a loan of $75,000.00 (the 2009 Trust Deed). (SER 435–436.) Warner Bowers was designated as trustor, Jacob Winding was named as trustee, and TTB Services Inc. was named as the beneficiary of the 2009 Trust Deed. (*Id.*) Although purportedly executed on December 5, 2001, the 2009 Trust Deed was not notarized until nearly six years later on October 4, 2007, and it was not recorded until August 18, 2009, more than seven years after its purported execution. (*Id.*)

To the extent that the priority of the trust deeds is important to pass on the facts, it is noted here that under California law, the priority of deeds is established according to the date of recordation. CAL. CIV. CODE §§ 1214 & 1107; *In re Sunset Bay Assoc.*, 944 F.2d 1503, 1508 (9th Cir. 1990) ("The recording laws mandate that the first *recorded* deed of trust on real property is superior to subsequently recorded deeds.") [emphasis added], citing CAL. CIV. CODE § 1214.

---

*[Footnote Text Cont'd from Previous Page]*
*Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, then merged into Wells Fargo Bank, N.A.); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. 2010) (same); *Ferguson v. Wells Fargo Bank, N.A.*, No. CIV 2:12-2944-WBS-GGH, 2013 U.S. Dist. LEXIS 17522, *12 (E.D. Cal. Feb. 8, 2013) (same); *Flores v. World Savings Bank FSB*, No. 2:11-cv-04138-SJO-JEM, 2011 U.S. Dist. LEXIS 157272, *4–5 & *10–11 (C.D. Cal. June 28, 2011) (same).

[7] On May 29, 2007 the Bowerses had signed a promissory note for the $217,000 loan from Wells Fargo's predecessor lender. (SER 221–226; SER 061:1-11; SER 039–040.)

Therefore, the description "2009" Trust Deed accurately describes the deed here that was purportedly executed on December 5, 2001, but was not recorded until August 18, 2009.

On December 4, 2009, the Bowerses next signed a quitclaim deed conveying their interest in the Property to TTB Services Inc. (SER 441–442.) The quitclaim deed was recorded on December 7, 2009. (*Id.*) The Bowerses stopped paying the 2007 Loan, and Wells Fargo recorded a Notice of Default on May 27, 2009. (SER 438–439.) Since the Bowerses remained in default, a Notice of Sale was recorded on February 25, 2010 (SER 444–446.) According to Winding's allegations, the trustee's sale of the Property to a "third party" occurred on February 28, 2011. (SER 503:1-14 [¶¶ 14–21].) Winding does not dispute the recording of the Notice of Default, and he alleges a February 28, 2011 sale of the Property.[8] (SER 502:13-14; 503:1-14.)

_____

[8] There is no Trustee's Deed Upon Sale in the record because none exists. One of the Top To Bottom partners—"Gloria Rosario aka Top to Bottom Cleaning Service"—filed a Chapter 13 bankruptcy on February 25, 2011, so the sale was rescinded by the trustee, a fact which does not appear in the record. *In re: Gloria Rosario aka Top To Bottom Cleaning Services*, E.D. Cal. Bankr. No. 11-24790 (Bardwil, J.). Another Top To Bottom partner—Kimlyn Sardeung Kham dba Top To Bottom Cleaning Service—did the same thing on February 11, 2011. *In re: Kimlyn Sardeung Kham dba Top To Bottom Cleaning Services*, E.D. Cal. Bankr. No. 11-90506 (Bardwil, J.). However, a PACER search reveals that the Top To Bottom partnership appears as a "dba" or "aka" of its partners in no less than 47 bankruptcies—46 in the Eastern District of California, one in the Northern District—that have been filed between 2010 and 2013, as part of a winding gambit

*[Footnote Text Cont'd on Next Page]*

Winding alleged as the crux of this action that Wells Fargo did not prove it held ownership of the promissory note that the Bowerses signed for the 2007 Loan and the 2007 Trust Deed at the time of the foreclosure sale.  (SER 503:19–504:10; 505:1-4, 22-25; 506:1-7; 507:5-16.)  He added that he had not received notice of the sale.  On this basis, Winding asserted five causes of action for fraud, conspiracy, quiet title, declaratory relief, and cancellation of instruments.  (*Id*.)

## V.    STATEMENT OF THE CASE

On March 3, 2011 "Jacob Winding dba Top To Bottom Cleaning Service" *in propria persona* file his complaint in the Stanislaus County Superior Court.  (SER 500–517.)  Winding's Complaint alleged five causes of action for fraud, conspiracy, quiet title, declaratory relief, and cancellation of instruments against Wells Fargo and co-defendant Cal-Western Reconveyance Corporation.  (SER 501:8-16; 503–508.)  His claim for declaratory relief was asserted against Wells Fargo only.  (SER 507:1-15.)

Wells Fargo removed the action to the Eastern District of California on the undisputed basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  (SER 490–498.)

---

*[Footnote Text Cont'd from Previous Page]*
involving attempted "land grabs" of properties encumbered by senior deeds of trust securing loans.

On April 19, 2011, Wells Fargo moved to dismiss the complaint and to strike Winding's claims for punitive damages. (SER 399–453; 454–461; 462–483.) On May 9, 2011 attorney Vernon C. Goins entered his appearance as counsel for Winding by filing oppositions to the motions to dismiss and to strike. (SER 389–390; 391–398.)

Just four days later on May 13, 2011, however, Goins filed a "noisy" motion to withdraw as Winding's counsel. (SER 377–388.) Goins made the request because "A conflict of interest has arisen between Mr. Winding and [Goins] regarding the further prosecution of case given this Court's ruling on another case that Mr. Winding filed. [Goins] and Mr. Winding have reached a point where they can no longer agree with the continued prosecution of Mr. Winding's case." (SER 385:7-10.)

Winding had unsuccessfully asserted similar allegations against Wells Fargo in an earlier case in the Eastern District involving a different loan and property. *Winding v. Cal-Western Reconveyance Corp.*, No. CV F 11-0041-LJO-GSA, 2011 U.S. Dist. LEXIS 8962, *12–15, *19–21 (E.D. Cal. Jan. 24, 2011) (dismissing with prejudice Winding's action premised on Wells Fargo's lack of ownership of a loan involving a different property).

Five days after Goins's request to withdraw, the district court dismissed yet another case brought by Winding involving another loan and a different property

based again on similarly alleged deficiencies in a notice of foreclosure. Goins

represented Winding in that action also. *Winding v. Doe*, No. CV F 10 -2026-

AWI-DLB, 2011 U.S. Dist. LEXIS 53342, *12–13 (E.D. Cal. May 18, 2011),[9]

*aff'd*, *Winding v. NDEX West, LLC*, No. 11-16506, 2013 U.S. App. LEXIS 21548

(9th Cir. Oct. 23, 2013).

On May 16, 2011 Wells Fargo filed replies in support of its motions to

dismiss and to strike. (SER 363–376.) The district court granted Goins' motion to

withdraw from the case on June 10, 2011. (SER 359–362.)

In its June 27, 2011 decision (SER 339–358), the district court granted

without prejudice Wells Fargo's motion to dismiss the Complaint as to all

defendants, affording Winding twenty-one days to file an amended complaint.

(SER 358:3–12.) The court found that the lack of ownership allegations had no

---

[9]    In a July 11, 2011 motion to consolidate this matter with one of the other *Winding* cases previously dismissed on May 18, 2011 (SER 333:2-3), Winding argued that the two cases "involve substantially the same facts" (*id.*). In its August 22, 2011, order denying the motion to consolidate, the district court determined: "As Plaintiff correctly notes, both cases derive from a nearly identical set of operative facts. The main difference between the cases is that case … is closed and this case is not." (SER 325:20-23.) Given that Winding acknowledges the similarities between the two cases, the dismissal of the other case, and this Circuit's decision affirming that dismissal, are, at a bare minimum, persuasive as to the substantive lack of merit to the appeal were there jurisdiction for reviewing the judgment here, which there is not.

merit and it was "Plaintiff's burden" to show an actionable ownership theory. (SER 346:23–347:14; 352:26–353:19.)[10]

The allegations based on deficient notice of the foreclosure sale also did not state a claim. Winding did not allege specifics on how any notice (actual or constructive) of the sale violated California's non-judicial foreclosure statutes or applicable case law. (SER 347:19–348:14; 354:10-17–356:14.)

In its order on June 27, 2011, the district court noted that Winding was represented by counsel when the opposition to the motion to dismiss was filed, but that Winding could not proceed *pro se* with the case because "Top To Bottom Cleaning Services, is a partnership, [and] Jacob Winding is not authorized to undertake its representation in court." (SER 344:22–345:1; 357:10-19.)

On September 30, 2011, the district court entered an order closing the case after Winding failed to file any amended pleading. (SER 005–007.) The district court entered a judgment in favor of the defendants on September 30, 2011. (SER 003–004.)

---

[10]   Documents judicially noticed by the district court in its June 27, 2011 order showed a chain of title for the 2007 Loan which permitted Wells Fargo to foreclose. (SER 340:1–344:8.) Moreover, the court found "Plaintiff took the Property by way of quitclaim deed and is therefore subject to all existing liens and encumbrances" which included, of course, Wells Fargo 2007 senior first deed of trust. (SER 350:3-4.)

Wells Fargo filed a timely post-judgment motion for attorney's fees on October 28, 2011.  (SER 217–297.)  Instead of filing an "opposition," Winding responded on November 23, 2011—54 days after entry of final judgment—with a document which he labeled a "motion to dismiss [Wells Fargo's] motion for attorney[s'] fees."  (SER 210–216.)  The motion internally made reference to Federal  Rule of Civil Procedure 60(b).  (SER 211:1-16 [Nos. 1–3].)

The magistrate judge's February 23, 2012 report and recommendations regarding the fee motion recommended a fee award of $20,171, and further recommended Winding's Rule 60(b) motion be denied because the conclusory declaration submitted in support of it failed to establish adequate foundation, facts, or admissible evidence challenging the 2007 Trust Deed.  (SER 055–077.)

Over Winding's objection, the district court adopted the magistrate's report and recommendations in full in its September 26, 2012 order.  (SER 001–002.)  Winding filed his notice of appeal on October 16, 2012.  (SER 008–040.)  He attempted to appeal from the final judgment, the earlier orders which had merged into the judgment, and the post-judgment order awarding attorneys' fees.  (*Id.*)  His appeal is stillborn in its entirety except as to the post-judgment award of attorneys' fees.  As to the post-judgment order awarding attorneys' fees, Winding devotes no discussion of it, meaningful or otherwise, in his Opening Brief.

## VI.    STANDARD OF REVIEW

Generally speaking, the legal premises that a district court uses to determine an attorneys' fee award are reviewed *de novo*. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–1148 (9th Cir. 2001); *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528 (9th Cir. 1998). Factual determinations underlying an award of attorneys' fees are reviewed for clear error. *Ferland*, *supra*, 244 F.3d at 1147–1148; *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). If the reviewing court concludes that the district court applied the proper legal principles and did not clearly err in any factual determination, then the award of attorneys' fees is reviewed for an abuse of discretion. *Ferland*, *supra*, 244 F.3d at 1148; *Siegel*, 143 F.3d at 528.

A district court's decision to take judicial notice under Federal Rule of Evidence 201 is reviewed for abuse of discretion. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995), *citing U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994), *cert. denied*, 514 U.S. 1135 (1995) ("An appellate court reviews the district court's decision to take judicial notice under Rule 201 for an abuse of discretion."). *See also Castillo-Villagra v. INS*, 972 F.2d 1017, 1028 n.4 (9th Cir. 1992); *Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 777-78 (9th Cir. 1989), *cert. denied*, 496 U.S. 937 (1990).

All of Winding's arguments in the Opening Brief, however, are directed against an unreviewable order dismissing his complaint which merged into an equally unreviewable judgment.

## VII.   SUMMARY OF ARGUMENT

The rule that a notice of appeal must be timely filed is a mandatory jurisdictional requirement.  In this case Winding seeks to appeal from the final judgment entered on September 30, 2011.  He had thirty days from the entry of final judgment to file a notice of appeal.  He did not file his notice of appeal until October 16, 2012—nearly a year after the deadline had expired.  Although on November 23, 2011, Winding filed a mislabeled "motion to dismiss" which internally cited Federal Rule of Civil Procedure 60(b), the Rule 60 motion was not filed within 28 days after entry of judgment, but instead was filed 54 days later. Accordingly, the motion did not operate to toll the deadline to appeal.  FED. R. APP. P. 4(a)(4)(A)(vi).

With respect to his appeal from the post-judgment order awarding attorneys' fees, the appeal was timely, but in this review, Winding has abandoned the issue in its entirety.  Winding's Opening Brief is solely based on challenges to the underlying judgment, and the order dismissing his complaint which merged into it. An appeal from the separately appealable attorney's fees order does not bring the underlying judgment within this Court's review where there was no timely appeal

from judgment to begin with. Winding, moreover, asserts no challenge to the fee award in his Opening Brief. He neither disputes the basis for the fee award, nor does he challenge the amount of the award.

Winding presents eight rhetorical questions for this Court's review, but nearly all of the issues suggested by the questions are abandoned in the briefing. Of those upon which Winding focuses, all of them are directed at the unreviewable judgment and earlier prejudgment order dismissing his complaint. He fails to present any reason why the district court's fee order should not be affirmed on this record.

Finally, Winding lacks standing to prosecute this appeal on behalf of the Top To Bottom business entity, a partnership. He is not licensed to practice law, and he cannot bring an appeal in the name of the real party in interest—the Top To Bottom partnership entity. Nor is he possessed with standing to advance the interests of the nine-member Top To Bottom partnership. On this record, Winding has no interest or standing in the appeal which is not derivative of the partnership, except to the extent that any award of attorneys' fees were against him personally. Winding has waived that issue, however.

The untimely appeal from judgment should be dismissed, and the post-judgment order awarding attorneys' fees should be affirmed on this record.

## VIII.  LEGAL ANALYSIS AND ARGUMENT

A.    **The filing of a timely notice of appeal is a mandatory, jurisdictional requirement without which the appeal must be dismissed.  Winding's appeal from final judgment more than a year after its entry was manifestly untimely, and his appeal as to the judgment must be dismissed.**

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from."  FED. R. APP. P. 4(a)(1)(A).  28 U.S.C. § 2107 provides:  "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."  There is no exception appearing in Federal Rule of Appellate Procedure 4 or 28 U.S.C. § 2107 applicable to this appeal.

The deadline to file a notice of appeal is "mandatory" and "jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978); *George v. Camacho*, 119 F.3d 1393, 1396 (9th Cir. 1997) (*en banc*) ("It is a well-settled principle that this court cannot hear an appeal that was not timely filed, as we have no jurisdiction to do so.").

Parties may assert jurisdictional defects at any time during the appeal process. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006). The Court may also rule *sua sponte* on jurisdictional issues. *Id*. An untimely appeal must be

dismissed for lack of jurisdiction. *United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 953 (9th Cir. 2010) ("Because the notice  of appeal in this case was filed after the 30-day deadline, we lack jurisdiction and this appeal must be dismissed."); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327-329 (9th Cir. 1994); *Sprout v. Farmers Ins. Exchange*, 681 F.2d 587, 588 (9th Cir 1982) (dismissing appeal where notice of appeal was filed one day late).

A *pro se* litigant is not relieved of the responsibility to file a timely notice of appeal. *Malone v. Avenenti*, 850 F.2d 569, 573 (9th Cir. 1998) (holding that a *pro se* litigant, "like other litigants, must comply with rule 4."); *Swimmer v. IRS*, 811 F.2d 1343 (9th Cir. 1987) (dismissing appeal from judgment filed by *pro se* litigant due to untimely notice of appeal).

An exception to the strict 30-day time limit exists where a timely tolling motion has been filed. FED. R. APP. P. 4(a)(4)(A)(i)–(vi).  And the only other exception to the 30-day deadline exists when a party requests and receives from the district court an extension of the deadline in which to file an appeal under Federal Rule of Appellate Procedure 4(a)(5).  But that motion must be filed within thirty days of entry of judgment.

None of these tolling motions or a motion to extend time were made to extend the deadline to appeal.  And there are no other exceptions to the filing deadline. *Bowles*, *supra*, 551 U.S. at 209 (overruling case law applying "unique

circumstances" doctrine based on alleged misleading statements by court to toll appeal deadline because there are no "equitable exceptions" to the strict requirements for filing a timely appeal); *United States ex rel. Haight*, *supra*, 602 F.3d 949, 954–956 (holding there are no exceptions to timely filing requirement under "unique circumstances," "due" process" or other equitable considerations).

In this matter the district court's judgment was entered on September 30, 2011.  (SER 003–004.)  Winding filed his notice of appeal from the judgment on October 16, 2012.  (SER 008–040.)  The last date to file a notice appeal under Federal Rule of Appellate Procedure 4(a) was October 31, 2011.[11]  The appeal from the judgment was filed about one year too late.  Winding's appeal from the prejudgment order granting Wells Fargo's motion to dismiss, and the order subsequently closing the case on September 30, 2011, are thus unreviewable as well.

As to any other potential exceptions to the timeliness requirement for a notice of appeal, none appears in this record.  An order granting or denying a request for an extension does not exist in this case because Winding never filed such a motion.  *United States ex rel. Haight*, *supra*, 602 F.3d at 954 ("Rule

---

[11]  The thirtieth (30th) day after entry of final judgment fell on Sunday, October 30, 2011.  Federal Rule of Appellate Procedure 26(a) prescribes that when the last day of a time prescribed in appellate rules falls on a weekend, the time to comply with the deadline is extended until the next court day, here October 31, 2011.

4(a)(5)(A)(i) requires that a party move for extension of time 'no later than 30 days after' the expiration of the time allotted for an appeal."). A notice of appeal or any other filing cannot be construed as a request for an extension. *Id.* at 954–956.

On November 23, 2011, Winding filed a mislabeled motion to dismiss citing Federal Rule of Civil Procedure 60(b). Though construed as a Rule 60(b) motion, it was not filed within 28 days after entry of final judgment, and did not toll the appeal deadline. A Rule 60(b) motion which is not filed strictly within the 28-day deadline has no tolling effect under Federal Rule of Appellate Procedure 4(a)(4)(A). ("If a party *timely* files in the district court any of the following [tolling] motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." FED. R. APP. P. 4(a)(4)(A) [emphasis added].)

The last day for Winding to file a Rule 60(b) motion for tolling purpose was October 28, 2011—28 days after the entry of judgment on September 30, 2011. He filed the motion on November 23, 2011, nearly a month after its deadline for tolling purposes had already expired.

In *Classic Concepts, Inc.*, 16 F.3d 1282 (9th Cir. 2013), a Federal Rule of Civil Procedure 60(b) motion was not filed within applicable Federal Appellate Rule of Procedure 4(a)(4)(A) time period required to toll the time to appeal.

-25-

*Classic Concepts*, *supra*, 16 F.3d at 1284–1286.  Accordingly, the untimely motion had no tolling effect, and the late-filed appeal was dismissed.  *Id*.

*Classic Concepts* is consistent with the rule in this Circuit that a tolling motion suspends the time to appeal only if the motion itself is timely filed; otherwise, the time to appeal runs from the date the judgment was entered.  *Lal v. California*, 610 F.3d 518, 523–525 & n. 1 (9th Cir. 2010) (failure to timely file Fed. R. Civ. P. 60 motion deprived appellate court of jurisdiction to entertain untimely appeal from dismissal of action under FED. R. CIV. P. 41(b)); *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1096–1098 (9th Cir. 2008) (Fed. R. App. P. 4(a) period not tolled when motion for reconsideration treated as untimely motion under Fed. R. Civ. P. 59 or 60(b)), *adopted following reh'g en banc*, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1167 (9th Cir. 2010); *Tillman v. Ass'n of Apt. Owners of Ewa Apts.*, 234 F.3d 1087, 1089 (9th Cir. 2000) (tolling motion filed three days late did not toll time to appeal from judgment and the late motion itself could not be considered on appeal); *In re Stein*, 197 F.3d 421, 423–424 (9th Cir. 1999) (appeal is untimely where FED. R. CIV. P.  60(b) motion was filed after 30-day time period to file appeal had expired).

The 2009 Advisory Committee Notes to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) emphasize the strict nature of the 28-day time limit for

filing a Rule 60 tolling motion: "Subdivision (a)(4)(A)(vi) provides for …
extending the time for filing an appeal so long as the Rule 60 motion is filed within
a limited time. Formerly, the time limit under subdivision (a)(4)(A)(vi) was 10
days, reflecting the 10-day limits for making motions under Civil Rules 50(b),
52(b), and 59. Subdivision (a)(4)(A)(vi) now contains a 28-day limit to match the
revisions to the time limits in the Civil Rules."

If Winding's Rule 60(b) motion were to be construed as motion under
Federal Rules of Civil Procedure 50(b), 52(b), 59(b) or 59(e), it would still be
untimely because all such motions must be filed no later than 28 days after entry of
judgment in order to toll the time to file a notice of appeal. FED. R. APP. P.
4(a)(4)(A).

Wells Fargo's motion for attorney's fees also did not toll Winding's appeal
deadline under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii), and could not
have done so unless an express order had been requested and issued by the district
court extending the deadline to appeal from the judgment *before* the time to appeal
from the judgment expired. FED. R. CIV. P. 58(e). No such order was requested,
timely or otherwise. And, of course, no such order appears in the record.

Even though the district court considered Winding's mislabeled motion to
dismiss as a Rule 60(b) motion, this had no bearing on its untimeliness. A notice
of appeal filed after the disposition of an untimely tolling motion is itself untimely.

-27-

*Reid Prods. v. Westport Ins. Corp.*, 400 F.3d 1118 (9th Cir. 2005) (dismissing

appeal where Rule 60(b) motion which challenged judgment was filed after time to

file tolling motion had expired even though district court had ruled on Rule 60(b)

motion); *Tillman*, *supra* 234 F.3d at 1089 (same in the context of a Rule 59(e)

motion).

 Under any calculus, Winding's notice of appeal filed more than a year after

entry of final judgment was untimely.  There is no jurisdiction to review the final

judgment or the earlier pre-judgment orders which merged into the judgment.

Winding's appeal as to the judgment should be dismissed for this fundamental

reason.

  B. **Winding may not use an appeal from a post-judgment order awarding attorneys' fees as a device to contest final judgment.**

 Although the appeal from the order granting Wells Fargo's fee motion

appears to have been timely, Winding has abandoned its review.

 The entirety of the Opening Brief is devoted to arguing why Winding

believes the judgment should be reversed, chiefly directed as it is against the order

dismissing his complaint.  Winding apparently contends this should lead to a

reversal of the post-judgment fee order.  (AOB 8, 14 & 23.)  Winding does not

directly contest whether the award of fees was proper based on the facts or

applicable law, nor does he challenge of the amount of fees awarded.  Nor can

-28-

Winding use his appeal from the order on Wells Fargo's post-judgment attorneys'
fees motion as a "back door" challenge to the underlying judgment.

In *Locke*, this Circuit observed the rule that "[a]n award of attorney fees
raises legal issues collateral to and separately appealable from the decision on the
merits. …. Therefore, we review the attorney fees award without disturbing the
underlying judgment." *Locke*, *supra*, 572 F.3d at 614. Accordingly, in that case
the only narrow issues reviewed on appeal were directly related to attorney's fees,
including whether or not a party was the prevailing party under the applicable
statute governing fee awards. *Id*. at 614–618.

In *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200–203 (1988) the
U.S. Supreme Court ruled: "A question remaining to be decided after an order
ending litigation on the merits does not prevent finality if its resolution will not
alter the order or moot or revise decisions embodied in the order[.] …. [A]n
unresolved issue of attorney's fees for the litigation in question does not prevent
judgment on the merits from being final." Based on these fundamental rules, the
Court in *Budinich* held an appeal from an attorney's fees order could neither revive
nor save an appeal from judgment that was untimely. *Id*. The merits of the
judgment were not considered by the Court. *Id*.

This Circuit applied *Budinich* in *United States ex rel. Familian Northwest v.*
*RG & B Contractors,* 21 F.3d 952 (9th Cir. 1994) to hold that *Budinich* applies

-29-

where the attorney's fees sought are based on a contract, rejecting the appellant's attempt to distinguish the Supreme Court's holding. "In an effort to distinguish *Budinich*, Familian implies that attorney's fees authorized by law are the norm, and that fees authorized by contract are an exception, which the Supreme Court failed to consider when issuing its broadly-worded decision. But the text of *Budinich* plainly belies this claim. After the Court held that attorney's fees are generally not part of the merits, it continued, 'petitioner contends, however, that the general status of attorney's fees for § 1291 purposes must be *altered* when the statutory or decisional law authorizing them makes plain … that they are part of the merits judgment.' *Id.* at 201 (emphasis added). Thus, attorney's fees are collateral whether they are authorized by law or by some other source." *Familian Northwest*, 21 F.3d at 955.

Winding's appeal is based on arguments directed against the prejudgment order dismissing his complaint which led to the final judgment. But his appeal from the final judgment was untimely. Winding does not advance any argument on the issue of the post-judgment award of fees as required under *Budinich*, *Familian Northwest*, and *Locke*. His appeal therefore presents no cognizable challenge to the post-judgment order awarding attorneys' fees, and the order should be affirmed.

C.     **Issues which are not specifically and distinctly argued in the Opening Brief are deemed waived.  Winding has failed to provide any argument, authority or analysis whatsoever regarding the post-judgment order of attorneys' fees.  The order should be affirmed.**

Any issue regarding the attorney's fees order is waived if not raised in an opening appellate brief.  *Locke*, 572 F.3d at 614, fn. 3 ("We discuss only ONDA's eligibility for attorney fees [i.e. whether it was a prevailing party] because Commerce did not challenge ONDA's entitlement to fees [under the applicable law] in its briefs filed with this court."), *citing* FED. R. APP. P. 28(a)(9); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).  An appeal from an order on a post-judgment attorney's fees motion cannot be premised on a challenge to the underlying judgment.  *Locke*, 572 F.3d at 614.

Winding abandons any issue as to whether Wells Fargo was entitled to attorneys' fees as the prevailing party, and he has not contested the amount awarded.  In fact, he has not identified a single legal or factual finding made by the district court with regard to the fee order.  These deficiencies have waived Winding's ability to the contest fees, especially since he only advances challenges to the underlying judgment in his Opening Brief.

As to Winding's Federal Rule of Civil Procedure 60(b) motion, in addition to the problem of its untimeliness, the arguments made in it cannot be considered on appeal where no specific legal arguments are raised in the appellate opening

brief contesting the ruling on the 60(b) motion.  *Classic Concepts, Inc.*, 716 F.3d at

1286 (holding that in addition to the lack of the effectiveness of an untimely

Rule 60(b) tolling motion, the appeal was further subject to dismissal because

"Classic did not address [the Rule 60(b)] ruling in its appellate briefing, instead

addressing only the merits of its permanent injunction request.").

Winding's Opening Brief does not make a single legal argument based on

Rule 60(b), or any other tolling motion authorized by the Federal Rule of Appellate

Procedure 4.  Instead, Winding only advances arguments questioning the validity

of the judgment, all of which are to be disregarded on the jurisdictional grounds

discussed in the preceding section.  Even if the arguments which attempt to

belatedly attack the judgment could be considered, they lack specificity and

coherence in any event.

At Pages 7 to 8 of the Opening Brief, underneath the heading "Statement of

the Issues," Winding sets forth eight rhetorical questions.  From every appearance,

these questions seem intended to frame the issues being pursued by Winding in this

appeal to contest the validity of the judgment.  Yet a number of issues or sub-

issues apparently suggested by these eight questions are never mentioned again, or

are mentioned only in passing through bare legal conclusions and *ipse dixit*

contentions unsupported by any argument or authority.

Winding never again addresses his contentions that:  (1) Wells Fargo violated RICO; (2) an unidentified "real estate agent" gave an "undisclosed amount of money" to Winding; (3) Wells Fargo committed a "taking" that was "oppressive"; (4) the defendants "acknowledged having "failed documentation systems and processes"; (5) Wells Fargo "removed" a "Deed of Trust" from the "county recorder."  Not a shred of analysis nor a single supporting authority, or reference to the record or to the proceedings below, has been offered by Winding with respect to any of these issues.

Winding conclusorily asserts that the defendants "reversed" the non-judicial foreclosure sale and his prior counsel (Mr. Goins) "abandoned" him when (unspecified) "filings were due."  (AOB 10 & 12.)  Though the issue does not appear in his Statement of Issues, Winding sporadically asserts in variously places that the "deed of trust" and the indebtedness were "cured."  (AOB 9 & 12.)  There is neither factual nor legal support for these conclusions in his Opening Brief.[12] But what these assertions actually mean is anyone's guess.  They are not directed,

---

[12]   Winding merely notes the existence of a declaration submitted in support of his Rule 60(b) motion, doing so in connection with his self-described (if not incomprehensible) "cured assets" contention in the Opening Brief.  (AOB 9.)  But he states no legal or factual grounds to support the admissibility of the conclusory and unsupported statements in the declaration, nor does he assign a single cogent error to the district court's ruling in this respect.

-33-

meaningfully or otherwise, however, to the only reviewable order on appeal. The post-judgment order awarding attorneys' fees receives no discussion at all.

    **1.**    **The utter lack of argument in the Opening Brief regarding the post-judgment attorneys' fees order precludes Winding from further pursuing that issue in this appeal.**

The Federal Rules of Appellate Procedure explicitly state that every opening brief must set forth the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(a). While this fundamental requirement has been entirely disregarded in the Opening Brief submitted by Winding, Wells Fargo readily concedes that a *pro se* brief is liberally construed. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir 1990) (*pro se* appellate briefs are given the liberal treatment of *pro se* pleadings); *but see Rigby v. County of Orange*, No. SACV10-0695-CJC (DTB), 2013 U.S. Dist. LEXIS 166060, *11–12 (C.D. Cal. Sept. 30, 2013) ("The Court notes that *Balistreri* has been overruled by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), to the extent that it followed the rule that, '[a] complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'").

Having said that, however, Winding's abandonment of any issue as to attorneys' fees is not connected to his failure to observe formal compliance with any technical requirements in Federal Rule of Appellate Procedure 28. Rather, and unlike the *pro se* appellant in *Balistreri* who "identifie[d] and challenge[d] the specific legal ground of the district court's ruling," 901 F.2d at 699, Winding here has completely failed to identify and challenge any specific legal ground of the district court's post –judgment order awarding attorneys' fees. Winding's merely asserts that the order should be reversed along with the judgment. (AOB 14.) But that bare assertion is insufficient to preserve a claim, particularly where the judgment itself is not reviewable because his appeal was untimely.

While a *pro se* brief may be liberally construed, an appellant is not relieved of the general duty to affirmatively demonstrate error by identifying the specific grounds for reversal. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (applying rule to *pro se* litigant to bar consideration of insufficiently supported arguments in opening brief). In the absence of such grounds, the issue is waived. *Hale v. United States Trustee*, 509 F.3d 1139, 1145-46 (9th Cir. 2007) (findings of fact and legal conclusions made by lower court which are not specifically challenged in *pro se* appellant's opening brief are deemed waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (*pro se* appellant's argument related to an order on a motion was waived for failure to make specific

-35-

arguments in opening brief based on the motion); *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995) (*pro se* claim not raised in opening brief but in proceedings below is deemed abandoned); *Randle v. Crawford*, 578 F.3d 1177, 1184 (9th Cir. 2009) (explanation by *pro se* plaintiff in reply brief as to why statutory claim was untimely was waived because it was not made in opening brief).

"We require contentions to be accompanied by reasons," this Court stated in *Independent Towers of Wash. v. Washington,* 350 F.3d 925, 930 (9th Cir. 2003). "It is [the appellant's] burden on appeal to present the court with legal arguments to support its claims." *Id.* Just as Winding has here presented no reasons to reverse the post-judgment order awarding attorneys' fees, the appellant in *Independent Towers* "provide[d] little if any analysis to assist the court in evaluating its legal challenge" to twenty-five pages of state regulations on the basis of preemption by the federal Interstate Commerce Act. The *Independent Towers* opinion observed:

> Instead of making legal arguments, ITOW provides a five page laundry list of the challenged regulations and their titles, leaving the court to piece together the argument for preemption as to each regulation…. When reading ITOW's brief, one wonders if ITOW, in its own version of the "spaghetti approach," has heaved the entire contents of a pot against the wall in hopes that something would stick. We decline, however, to sort through the noodles in search of ITOW's claim. As the Seventh Circuit observed in its now familiar maxim, "judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991).

*Independent Towers of Wash.*, 350 F.3d at 929.

The necessity for legal argument supporting each contention raised by an appellant is firmly established in numerous decisions from the Ninth Circuit. "We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." [citation omitted]; *Greenwood v. FAA* 28 F.3d 971, 977 (9th Cir. 1994); *accord*, *Brownfield v. City of Yakima,* 612 F.3d 1140, 1149 (9th Cir. 2010); *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu,* 626 F.3d 483, 487 (9th Cir. 2010). *See also Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("It is well-established that a bare assertion in an appellate brief, with no supporting argument, is insufficient to preserve a claim on appeal."); *Western Radio Servs. Co. v. Qwest Corp.,* 2012 U.S. App. LEXIS 5434, *18 (9th Cir. 2012) ("We will not do an appellant's work for it, either by manufacturing its legal arguments or by combing the record on its behalf for factual support.")

The Ninth Circuit, like other circuit courts, has held that a matter will only be considered on appeal if it has been "specifically and distinctly argued in appellant's opening brief." *Christian Legal Soc'y Chap. of Univ. of Cal. v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010), *quoting Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *accord, U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim.").  The requirement that an issue be "specifically" and "distinctly" argued obviously has not been met here at all in connection with the only reviewable order in this appeal.  The post-judgment order of attorneys' fees is not discussed in Winding's brief at all.

"It is well-established that a bare assertion in an appellate brief, with no supporting argument, is insufficient to preserve a claim on appeal." *Navajo Nation v. United States Forest Serv.* 535 F.3d 1058, 1080 (9th Cir. 2007).  "Issues raised in a brief which are not supported by argument are deemed abandoned." *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.1992 ); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Review of the post-judgment attorneys' fees order has been abandoned on appeal by Winding.

Ninth Circuit case law is replete with instances where an issue raised by an appellant but not addressed in any argument is thereby deemed waived.  In *Wang Labs. v. Kagan*, 990 F.2d 1126 (9th Cir. 1993), the appellant asserted error by the district court in granting summary judgment on certain claims, but thereafter "failed to cite any authority or make any argument for this position.  Thus, it waived these issues on appeal."  990 F.2d at 1129.

Where an issue was referenced within the appellant's statement of the case but not subsequently argued within the body of the brief, the Court in *Martinez-*

*Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) held the issue had been waived. Likewise, two issues identified in an appellant's "Specifications of Error" and "Statement of the Case" but not addressed in the discussion section of the opening brief were similarly deemed abandoned in *Simpson v. Union Oil Co. of California*, 411 F.2d 879 (9th Cir. 1969), *rev'd on other grounds*, 396 U.S. 13 (1969).

In *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167 (2001), the Ninth Circuit again declined to review an issue asserted in the appellant's "statement of issues" since appellant's "brief contains no arguments in support of that claim." *Id.* at 1167, 1182. *See also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by …case authority are generally deemed waived."); *Farmer v. McDaniel,* 666 F.3d 1228, 1233 (9th Cir. 2012) ("This Court 'review[s] only issues which are argued specifically and distinctly in a party's opening brief.'"); *Nevada Dept. of Corr. v. Greene,* 648 F.3d 1014, 1020 (9th Cir. 2011) ("[Appellant] fails to support any of his remaining issues with argument.  Accordingly we deem them waived."); *Seattle School Dist. v. B.S.*, 82 F.3d 1493, 1502 (9th Cir. 1996) ("The School District purports to challenge the award of fees but presents no explanation in support of its contention of error. Accordingly, the issue is waived.").

Stated differently, *pro se* Winding is not relieved of his fundamental duty on appeal to affirmatively demonstrate error as to the only reviewable order under

review.  This is something which Winding has not even attempted.  After all, the order comes to this Court with a strong presumption of correctness.  But Winding has not identified nor challenged any specific legal ground or error to be assigned to the district court's order awarding attorneys' fees.  None of the district court's findings or legal conclusions regarding attorneys' fees are challenged in the Opening Brief.  In the absence of specifically identified grounds, Winding has shown no reversible error, thereby abandoning or waiving challenges to the judgment.

This Circuit has stated "a 'presumption of regularity' is accorded to the proceedings leading to the district court's final judgment." *SEC v. Worthen*, 98 F.3d 480, 483 (9th Cir. 1996).  The Supreme Court has described this presumption as "deeply rooted in our jurisprudence." *Parke v. Raley*, 506 U.S. 20, 29 (1992), citing *Voorhees v. Jackson*, 35 U.S. (10 Pet.) 449, 472 (1836) ("There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.").

"The presumption has also long been applied equally to other forms of collateral attack." *Id.*  In *Worthen*, *supra*, this Circuit affirmed a judgment in part based on the presumption of regularity or correctness because appellant did not present "affirmative evidence" to rebut the presumption.  98 F.3d at 483. The same

is true here based on the untimely appeal from the judgment, points raised in the opening brief but argued without specificity (if argued at all), and with no arguments made in connection with only reviewable order involving attorneys' fees.

The utter lack of argument in the Opening Brief regarding the post-judgment attorneys' fees order precludes Winding from further pursuing that issue in this appeal. In *United States v. Struckman*, 611 F.3d 560 (9th Cir. 2010), for example, the appellant broadly asserted the norms of *jus cogens* (a subset of customary international law) as the basis for dismissal that was the subject of review. But after making this general *jus cogens* assertion, the appellant did nothing to develop the argument, and presented no materials in support of its position.

The *Struckman* Court accordingly refused to consider *jus cogens* in connection with the appeal. "In this sensitive and complex area, we decline to create out of whole cloth the detailed legal arguments, or discover on our own the array of international materials, that would be necessary to support Struckman's 'bare assertion[s].'" *Struckman*, *supra*, 611 F.3d at 576.

Moreover, a failure to offer reasons supporting a contention typically results in a waiver of that contention. As observed in *Graf*, *supra*, 610 F.3d 1148, 1166 (9th Cir. 2010): "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *See Farmer*, *supra*, 666

-41-

F.3d at 1233 ("Because the state does not make any arguments on appeal as to why the petition may be barred on the basis of these 'procedural requirements'. . . those arguments are in fact waived for the purposes of this appeal[.]")  Issues not *expressly addressed* in Appellants' opening brief are waived.  *Nevada Dep't of Corr. v. Greene,* 648 F.3d 1014, 1020 (9th Cir. 2011) ("[Appellant] fails to support any of his remaining issues with argument.  Accordingly, we deem them waived.").

> ### 2.    Winding should not be permitted to use his reply brief to supply the arguments that were absent from his Opening Brief.

"[A reply brief's] purpose is to allow the appellant an opportunity to clarify or reemphasize, in light of the appellee's brief, the issues already raised and argued in his opening brief."  *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986); *see also*, *Lac Du Flambeau Band v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1259–1260 (7th Cir. 1993).

In Winding's case, *any* argument at all regarding the attorneys' fees order would have to be provided on reply, because there is nothing in the Opening Brief to which Wells Fargo can now respond.  Should Winding improperly attempt to use his forthcoming reply brief to present his initial arguments concerning any of the attorneys' fees order, he would be impermissibly depriving Wells Fargo of an opportunity to present a written response.  This Court should decline to consider

such arguments.  *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066, n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Alaska Ctr. for the Env't v. United States Forest Serv.*, 189 F.3d 851, 858 n. 4 (9th Cir. 1999) ("In its reply brief, ACE … asserts that there is no evidence in the record that Powder Guides has a state license.  This argument was raised for the first time in ACE's reply brief.  Arguments not raised in opening brief are waived."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

In sum, review of the attorneys' fees order has been waived and abandoned by virtue of Winding's failure to specifically and distinctly argue it in his Opening Brief.  By reason of this waiver and abandonment, Wells Fargo will not devote further attention to it.  Not only would this be an irrelevant and unnecessary diversion, it could pose the risk of a "waiver of the waiver" *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th. Cir 1990).

In the unlikely event that this Court might entertain review of the attorneys' fees order notwithstanding Winding's failure to specifically and distinctly argue it in his Opening Brief, Wells Fargo requests that it be given the opportunity to file a supplemental brief to respond to the newly submitted arguments.  However, Winding would be supplying those arguments for the first time on reply which is

not permitted. *Cedano-Viera*, *supra*, 324 F.3d at 1066, n. 5; *Alaska Ctr. for the Env't*, *supra*, 189 F.3d at 858, n. 4; *Bazuaye*, *supra*, 79 F.3d 118 at 120.

    **D.**    **Winding's attempted prosecution of this appeal on behalf of the Top To Bottom Cleaning Service entity, a nine-member partnership, is impermissible.  Winding is not a lawyer, and he lacks standing to prosecute the appeal as a *pro se* litigant on behalf of Top To Bottom.**

Winding was ordered below to retain counsel after his former attorney withdrew. (SER 344:22–345:1; 357:17-19: "Top To Bottom Cleaning Services, is a partnership, [and] Jacob Winding is not authorized to undertake its representation in court.")  He never did so.  On appeal, Winding has notably failed to establish the basis for his purported representation of Top To Bottom.  He argues without support that he is a "party in interest" under Rule of Civil Procedure 17(a). (AOB 9.)

Winding's purported representation in this appeal of Top To Bottom is an impermissible sham.  On this record, Top To Bottom is not a sole proprietorship, fictitious business name, or a "dba" of Jacob Winding.  Rather, it is a partnership with eight other individual partners besides Winding.  (SER 450–452.)  Winding is not a licensed attorney.  (SER 308.)  Although Winding may represent himself *pro*

*se* under 28 U.S.C. § 1654,[13] according to the U.S. Supreme Court's rule in *Rowland v. California Men's Colony*, 506 U.S. 194, 202, (1993), no "artificial entity"—"corporations, partnerships, or associations" like Top To Bottom—may appear in federal court except through a licensed attorney.[14]

Following *Rowland*, this Court has unequivocally held that a partnership like Top To Bottom must be represented by an attorney. *D-Beam, Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972 (9th Cir. 2004) ("Evans appeals claims on behalf of D-Beam, a limited liability partnership of which he is the majority shareholder. Because Evans appealed *pro se*, we lack jurisdiction over D-Beam's claims and they are dismissed. It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'" [citations omitted]; *Licht v. America West Airlines (In re America West Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."), *citing among others*,

---

[13]   "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

[14]   *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970) had previously stood for the proposition that non-attorney members of a partnership could appear on its behalf, but it was overruled nearly two decades ago as one of two "aberrant cases" at odds with the uniform holding that 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 & n. 5.

*Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1309–1310 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner). Top To Bottom simply cannot be represented in this appeal by "Jacob Winding, In Pro Per," nor can Jacob Winding advance arguments on its behalf.

The district court recognized below this same problem with respect to Winding and Top To Bottom. *Winding v. Wells Fargo Bank*, No. 1:11-cv-00555-AWI-SKO, 2011 U.S. Dist. LEXIS 137524, *3 (E.D. Cal. Nov. 30, 2011) ("As previously noted by the Magistrate Judge, to the extent Plaintiff in this case, Top To Bottom Cleaning Service, is a partnership, Jacob Winding is not authorized to undertake its representation in court.").

"To the extent that Jacob Winding brings these claims on behalf of Top To Bottom Cleaning Service, the district court noted in its order dismissing Plaintiff's complaint that Plaintiff is not authorized to undertake representation of the partnership in federal court." *Id.* at *7, *quoting Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel …. [T]hat rule applies equally to all artificial entities."); *see also*, *Winding v. Wells Fargo Bank*, No. CV F 11-0555-AWI-SKO, 2011 U.S. Dist. LEXIS 68815 (E.D. Cal. June 24, 2011); *Winding v. Cal-Western Reconveyance Corp.*, No. CV F 11-0041-LJO-GSA, 2011 U.S. Dist. LEXIS 8962, *11–12 (E.D.

Cal. Jan. 21, 2011) ("Wells Fargo notes that Mr. Winding litigates this action for a 'licensed partnership' although California State Bar records reveal he is not a licensed California attorney.  Wells Fargo concludes that Mr. Winding practices 'law without a license.'  ¶  'Corporations and other unincorporated associations must appear in court through an attorney.'" [citations omitted].)

Winding's Corporate Disclosure Statement at the beginning of his Opening Brief declares that, "Plaintiff (Jacob Winding dba Top To Bottom Cleaning Service) identifies as a non-corporation."  Winding thus contends that he is not subject to the submittal of a Corporate Disclosure Statement.  He is gravely mistaken.  While Jacob Winding may be a "non-corporation," Top To Bottom is an artificial entity with multiple partners.  (SER 558–560.)

This appeal for Top To Bottom is invalid, because it cannot be properly prosecuted or pursued by Winding on behalf of the real party in interest Top To Bottom, a partnership. Standing is a basic jurisdictional requirement for prosecuting a case or an appeal.  *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982); *Laub v. United States DOI*, 342 F.3d 1080, 1085 (9th Cir. 2003).  The district court correctly observed that, "To the extent that Jacob Winding brings these claims on behalf of Top To Bottom Cleaning Service ….  Plaintiff is not authorized to undertake representation of the partnership in federal court."  *Winding v. Wells*

-47-

*Fargo Bank*, No. 1:11-cv-00555-AWI-SKO, 2011 U.S. Dist. LEXIS 137524, *7

(E.D. Cal. Nov. 30, 2011).

Notwithstanding the fact that Winding's filing of an Opening Brief

purportedly for himself "doing business as [dba]" Top To Bottom, the same critical

problem that existed below persists in this appeal.  On this record, Top To Bottom

is not a "dba" of Winding, and he possesses no legally cognizable basis for being

recognized by this Court as properly prosecuting this appeal on behalf of Top To

Bottom.  Therefore, Winding's arguments on Top To Bottom's behalf must be

disregarded, as there is no supportable interest identified by Winding to connect

him with the appeal separate and apart from Top To Bottom, and he is not

authorized to practice law on behalf of Top To Bottom.

## IX.   CONCLUSION

Based on the foregoing, Wells Fargo respectfully submits that Winding

failed to timely file a notice of appeal from the final judgment.  There is no

jurisdiction to review the final judgment or any earlier pre-judgment orders,

including the order granting its motion to dismiss.  As to the district court's post-

judgment order awarding Wells Fargo attorneys' fees, Winding has failed to

advance any arguments whatsoever except to assert that if the judgment were

reversed then the fees award should be reversed.  However, the judgment is not

subject to reversal or even review here.  Therefore, the appeal from judgment

should be dismissed, and the district court's post-judgment attorneys' fees award should be affirmed.

Respectfully submitted,

Dated:  December 20, 2013

ANGLIN FLEWELLING RASMUSSEN
   CAMPBELL & TRYTTEN LLP

By:  ___s/ *Robert C. Little*_____
         Robert Collings Little

*Attorneys for Defendant–Appellee*
Wells Fargo Bank, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB
formerly known as World Savings Bank, FSB

# CERTIFICATE OF COMPLIANCE

(FED. R. APP. P. 32(a); 9TH CIR. R. 32-1)

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 11,968 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using the Microsoft Word 2010 word processing program, a 14-point font size, and the Times New Roman type style.

Respectfully submitted,

Dated:  December 20, 2013    ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP

By:   s/ *Robert C. Little*
Robert Collings Little

*Attorneys for Defendant–Appellee*
Wells Fargo Bank, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

## STATEMENT OF RELATED CASES

(9TH CIR. R. 28-2.6)

Defendant-Appellee Wachovia Mortgage, a division of Wells Fargo Bank, N.A., successor to by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB (Wells Fargo), states the name and docket number for each related case pending before the Ninth Circuit known to undersigned counsel, and describes its relationship to the case being briefed herein as follows:  *Winding v. NDeX West, LLC*, No. 11-16506 (unpub. mem.) (Fisher, Gould & Bybee, Jj.) is a similar appeal with the same parties (and non-parties) involving a different property and loan that is currently the subject of a petition for rehearing as of the time of this statement.

Respectfully submitted,

Dated:  December 20, 2013     ANGLIN FLEWELLING RASMUSSEN
                               CAMPBELL & TRYTTEN LLP

By:     *s/ Robert C. Little*
           Robert Collings Little

*Attorneys for Defendant–Appellee*
Wells Fargo Bank, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

## CERTIFICATE OF SERVICE

(FED. R. APP. P. 25; 9TH CIR. R. 25-5(f))

I hereby certify that I electronically filed the following documents with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 20, 2013:

### APPELLEE WELLS FARGO'S ANSWERING BRIEF

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that one of the participants in the case is not a registered CM/ECF user. I have dispatched the documents to a third party commercial carrier (Norco Delivery Services) for overnight delivery to the non-CM/ECF participant:

Jacob Winding
6 West Main Street, Suite N
Stockton, California 95202
(408) 590-6066

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, in the County of Los Angeles, State of California.

Dated: December 20, 2013                    s/ *Marianne Mantoen*